Puerto Rico High School of Commerce, Petitioner, v. Tax Court of Puerto Rico, Respondent; R. Buscaglia, Treasurer of Puerto Rico, Intervener.

No. 172. Argued May 3, 1948.—Decided May 24, 1948.

*Rafael Soltero Peralta* for petitioner. *Luis Negrón Fernández, Attorney General,* and *Edgar S. Belaval,* special counsel for the Department of Justice, for intervener, respondent in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On January 31, 1947, the Puerto Rico High School of Commerce filed a complaint in the Tax Court of Puerto Rico, and alleged that on December 31, 1946, the Treasurer of Puerto Rico notified to it a tax assessment amounting to $1,415.44 on the real and personal property owned by the complaint, and that since said property consists of a building, land, and furniture exclusively devoted to an educational center in the city of Río Piedras, it is expressly exempt from taxation, pursuant to the provisions of § 291(e) of the Political Code.[1]

The Treasurer set up the lack of jurisdiction of the respondent tribunal, because the complaint had been filed after the expiration of the 30-day period provided by § 3 of the Act creating that tribunal, and the latter so decreed dismissing the appeal for want of jurisdiction.

■■ At the beginning of its brief, the petitioner contends that its complaint should not have been dismissed, since the term of 30 days fixed by § 3 of Act No. 169 of May 15, 1943 (Sess. Laws, pp. 600, 602) should be liberally construed so as to do justice to the taxpayer. Said Section in its pertinent part provides that "*All actions, remedies, or proceedings which must be substantiated before the Tax Court of Puerto Rico shall be instituted by means of a sworn complaint* of the claimant person or entity, *formulated* by the claimant or through a duly authorized legal representative, *within the 30 days following the date of the service of notice thereof by the Treasurer of Puerto Rico,* in any of the following

---

[1] This Section, as amended by Act No. 12 of August 23, 1933 (Spec. Sess. Laws, p. 72) in its pertinent part reads as follows:

"The following property shall be exempted from taxation:

.    .    .    .    .    .    .    .    .    .

" '(e) Every building used and set apart exclusively for religious worship, . . . . every building set apart for a Masonic or Odd-Fellows' lodge, or for a center for theosophical or psychological studies, or used for educational, literary, scientific or charitable purposes, together with the furniture, appliances and apparatus appurtenant thereto; every building, including the equipment and furniture therein, which is the absolute property of a nonpecuniary association and which is used or destined exclusively and wholly

cases: (1) Assessment or reassessment of personal property, tangible or intangible, or of real property; . . ." (Italics ours.) Section 4, on the other hand, provides that "The Tax Court shall have exclusive jurisdiction to take cognizance of all cases of revision of the assessment or reassessment of personal property, tangible or intangible, or of real property, . . . . ." And that "This jurisdiction, however, cannot be pleaded before the court by any person until there has been a proper administrative decision in the matter on the part of the Treasurer of Puerto Rico, according to law."

In this proceeding no one has disputed that the notification by mail made by the Treasurer of Puerto Rico was equivalent to the administrative decision required by § 4, *supra*. Nor is there any dispute as to the fact that, although according to § 309 of the Political Code, as amended by Act No. 222 of May 12, 1942 (Laws of 1942, p. 1246), the taxpayer had a term of sixty days to pay the part of the tax with which he agreed and thirty days from the date payment was made to resort to the Tax Court, such provisions ceased to have any effect when the above-mentioned Act No. 169 of 1943 was approved. It has been so concluded by the Tax Court itself [2] since this Supreme Court decided the case of *Del Toro* v. *Tax Court*, 65 P.R.R. 58, which although not involving property taxes or the scope of the above-mentioned § 309 of the Political Code, construed a similar Section of the Inheritance Tax Act then in force [3] and laid down the rule to be followed in the procedure relating to inheritance tax matters.

for labor organizations or as a place for recreation, culture, and social intercourse, and which permanently maintains a reading room where periodicals, magazines, pamphlets and illustrated papers in general, national as well as foreign, are provided; and every tract of land, not exceeding five cuerdas in extent, upon which such building or buildings is or are situated; *Provided,* That such grounds and buildings are not leased or otherwise used with a view to the pecuniary profit of either the lessor or lessee."

[2] *Figueroa* v. *Tesorero*, 2 D.T.C. 601.

[3] Section 7 of Act No. 99 of 1925 (Sess. Laws, p. 790) as amended by Act No. 20 of November 21, 1941 (Spec. Sess. Laws, p. 64).

█ In accordance with § 307 of the Political Code, as amended by Act No. 10 of November 20, 1942 (Second and Third Spec. Sess. Laws, p. 32), concerning property taxes "it shall. . . be the duty of the Treasurer of Puerto Rico to notify each taxpayer by mail addressed to the Post Office of the municipality in which the property is located, giving him the corresponding notice." Also, § 331 of the indicated code, as amended by Act No. 10, *supra*, provides that "no demand for taxes shall be necessary . . . and after the . . . notices are . . . mailed. . . it shall be the duty of every person subject to the payment of property taxes to attend at the office of proper collector and pay his taxes in full." Therefore, it is unquestionable that the Treasurer by express provision of the law was authorized to notify by mail the assessment of the real and personal property, as he did in this case.

█ The controversy herein hinges exclusively upon the question of when the notification by mail to the taxpayer should be considered as made, and hence when the 30-day period mentioned in § 3 of Act No. 169 of 1943 expired.

Section 4 of the above-mentioned Act No. 169 provides that all proceedings before the Tax Court of Puerto Rico shall be governed by the Rules of that court and in the absence thereof by the provisions of the Code of Civil Procedure or the Rules of Procedure promulgated by this Court. In harmony with § 322 of the Code of Civil Procedure and with Rule 5(*b*) of the Rules of Civil Procedure, the service or delivery of documents is complete upon their being deposited in the post office. Indeed, the petitioner so admits; but it urges that the delay of one day was not due to negligence on its part, but to an error of computation, "because, since a period of 30 days is comprised between April 8 and May 8, it mistakenly considered that a like term of 30 days was comprised between December 31 and January 31."

The period granted by law to resort to the Tax Court is similar to that fixed by § 295 of the Code of Civil Procedure to appeal from a district court to this Court. Such a term

748

has always been considered strict and unextendible. *McCormick* v. *McCormick et als.*, 60 *D.P.R.* 949 (*per curiam* decision); *Casasús* v. *White Star Bus Line*, 58 P.R.R. 864; and *Luce & Co. S. en C.* v. *Cintrón*, 42 P.R.R. 590. Really we fail to see any reason to make an exception, even though the said § 4 of the Act creating the Tax Court provides that all the proceedings before that tribunal shall be liberally construed and applied with the fundamental purpose of doing substantial justice to the contesting parties. Since the complaint was filed with the Tax Court 31 days after notice was served on the petitioner, that tribunal clearly lacks jurisdiction to take cognizance of the appeal. Cf. *Próspero Fruit Co.* v. *Tax Court*, 64 P.R.R. 631.

The decision under review should be affirmed.

Mr. Justice De Jesús did not participate herein.